REDMANN, Chief Judge.
Defendant criminal sheriff’s deputy’s defense to aggravated battery was that he shot security guard John Ross in self defense during a fight (unrelated to either’s work). He now appeals his conviction for second degree battery, assigning one error.
Defendant’s testimony was that, upon their meeting in a fast-food restaurant parking lot, Ross, bragging of his years-earlier plea bargain for his involvement in *16 a brutal crime in another fast-food restaurant, immediately began verbal abuse of defendant and threatened him by reference to Ross’s wearing a pistol and defendant’s not. A long fight ensued, during which defendant took Ross’s .38 pistol away from him. Thereafter Ross opened the door to defendant’s pickup truck to get defendant’s .45 automatic (visible on the front seat) to shoot defendant, and defendant shot Ross in the buttock to stop him. When shot, Ross was located between his own white van and another vehicle.
Among the disputed facts related to this defense was whether in truth the vehicle parked next to Ross’s white van was defendant’s blue pickup (with a white camper top) or another vehicle.
Investigating police officer Bolien was one of several witnesses who gave conflicting testimony concerning the other vehicle. At the very end of the two-day trial, he was recalled in rebuttal by the state. His rebuttal testimony included:
“Q. Getting back to when you came up on the scene, you remember the — the cars. Did I ask you to review your report? A. Yes, ma’am, you did. Q. Did I ask you to try to get your memory back and see how the cars were lined up when you got there? A. Yes, ma’am, you did. Q. And how did you tell me? A. Exact, the same way. Q. Would you tell the jury again? A. When we arrived, there was a green pickup truck on the left, there was a white van on the right, and the victim was lying between these two vehicles. Q. Did I also ask you to scan your report for license numbers? A. Yes, ma’am, you did. Q. And had you written down license numbers? A. Yes, ma’am, I did. Q. And did I ask you to run those license numbers? A. Yes, ma’am, we ran them through the state computer with the state police. Q. And what was that green pickup truck? A. The green pickup truck was a 1976 Chevrolet pickup truck, green, license number T-Tom, 200831. Q. Who did that belong to? A. Belonged to a Thomas Johnson, resides at 1326 Alvar Street, New Orleans. Q. And the white van? A. The white van was a 1970 Ford van, white in color, license number T-Tom, 630388. It was registered to a John W. Ross. Q. The victim in this case? A. Yes, ma’am. Q. And again the lineup of'the cars, the green pickup, the white van, and he was in between the two of them? A. Yes, ma’am. Q. And when the ambulance came to pick him up, he was in the same position he was when he fell? A. Yes, ma’am, he was. BY MRS. SMITH: Your witness. BY MR. HARTLEY: Your Honor, since the officer has made a re-ferment to his report, under a recent United States Supreme Court decision and for a purpose of cross examination only I’ll ask for a copy of the report from which he received these numbers on a piece of paper which was handed to him by counsel. BY THE COURT: Request denied.
It was reversible error, State v. Tharp, 284 So.2d 536 (La.1973), to refuse production of the report or “piece of paper ... handed to him by counsel” under these circumstances. The contents of the report or piece of paper, rather than the witness’s own present recollection refreshed, was what was placed in evidence through the witness’s mouth. Defendant was effectively denied the constitutional due process right of confrontation and cross-examination of the witness against him by the denial of access to the document of whose contents the witness testified.
The error is not harmless. The jury could indeed have rejected self-defense even if it believed the adjacent truck was defendant’s; but it could not accept defendant’s self-defense testimony if it believed the truck was someone else’s.
Set aside; remanded.